UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEUTCHEBANK NATIONAL TRUST COMPANY TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES, INC., Appellant, v. HOWARD HENDERSON, Appellee. | **MEMORANDUM AND ORDER** 26-cv-01147 (LDH) |

LASHANN DEARCY HALL, United States District Judge:

DeutcheBank National Trust Company Trustee for Ameriquest Mortgage Securities, Inc. ("DeutcheBank" or "Appellant") moves for a stay of Judge Jil Mazer-Marino's, United States Bankruptcy Court for the Eastern District of Louisiana, Order, which granted Howard Henderson ("Appellee") attorneys' fees and costs.

**BACKGROUND**

On January 9, 2026, the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court") entered a memorandum decision on damages for Appellant's violation of the automatic stay pursuant to 11 U.S.C. § 362(k), which, *inter alia,* awarded Appellee $327,000.00 in compensatory damages and $1,308,000.00 in punitive damages. On January 27, 2026, the Bankruptcy Court entered an order and judgment memorializing the same. On February 6, 2026, Appellant appealed the judgment, and that appeal was docketed before this Court as *In re Henderson*, Case No. 26-c-00701. Subsequently, on February 18, 2026, the Bankruptcy Court entered another order granting attorneys' fees and costs to Appellee (the "Attorneys' Fees Order") in the amount of $335,786.35. On February 27, 2026, Appellant separately appealed the Attorneys' Fees Order, which is the instant action. On March 26, 2026,

Appellant filed a motion to stay the Attorneys' Fees Orders, (ECF No. 3), and requested a hearing on the motion, (ECF No. 4).

**DISCUSSION**

"The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the court." *In re Koper*, 560 B.R. 68, 72 (Bankr. E.D.N.Y. 2016) (citation and internal quotations omitted). In considering whether to impose a stay of a bankruptcy judgment pending its appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Shutterman v. Cadaner*, No. 25-CV-04520, 2025 WL 3546651, at *1 (E.D.N.Y. Dec. 11, 2025) (quoting *In re 461 7th Ave. Mkt., Inc.*, 623 B.R. 681, 688 (S.D.N.Y. 2020)). The burden to show the existence of circumstances that justify a stay lies with the moving party. *See id.* (quoting *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020)). While the first two factors are the most critical, failure to satisfy even one factor dooms a motion for a stay pending appeal. *Id*. (citations omitted). Indeed, irreparable harm is "the principal prerequisite for the issuance of a [Rule 8007] stay." *In re Koper*, 560 B.R. at 74. The harm must be actual and imminent and cannot be purely remote or speculative. *Id*.

Appellant argues that "[i]f [DeutcheBank] is successful in its appeal and the Attorney Fee Order is later reversed and/or the amounts due under the Attorney Fee Order are substantially reduced, any inability of the Debtor to repay the amount of the Attorney Fee Order will amount to irreparable harm." (Appellant's Mot. to Stay ("Appellant's Mot."), ECF No. 3 at 5.) Appellee disagrees. According to Appellee, Appellant only claims "theoretical harm" which "can be fully

remedied by monetary damages." (Appellee's Opposition to Mot. to Stay ("Appellee's Oppo."), ECF No. [8] at 14.) The Court agrees.

Here, Appellant moves for a stay of the Bankruptcy Court's award of attorneys' fees and costs based on speculation of what may occur "if" Appellant is successful in its appeal. (Appellant's Mot. at 5.) Appellant's argument is rooted in a hypothetical irreparable harm that Appellant has not demonstrated will occur. This hypothetical is merely one possible outcome of its appeal, but the Second Circuit has held that "a mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 934 F.2d 30, 34 (2d Cir. 1991).

Still, if the Court were to accept Appellant's hypothetical as true, *arguendo*, Appellant's motion to stay would still be denied. At bottom, Appellant complains of irreparable harm because of Appellee's suspected "inability . . . to repay the amount of the Attorney Fee Order." (Appellant's Mot. at 5.) The Court is not convinced. It is axiomatic that should Appellant be successful in its appeal a money judgment will ensue. This is sufficient to compensate Appellant for any monies paid to Appellee under the current Attorneys' Fees Order. *Borey*, 934 F.2d at 34 ("when a party can be fully compensated for financial loss by a money judgment, there is simply no compelling reason why the extraordinary equitable remedy of a preliminary injunction should be granted."). Thus, Appellant has failed to demonstrate irreparable harm.

## CONCLUSION

Appellant's motion to stay the Attorneys' Fee Order of the Bankruptcy Court pending appeal is DENIED. Appellant's motion for hearing regarding the motion to stay is DENIED as moot. Appellant's motion to consolidate this case, (ECF No. 2), with *In re Henderson*, Case No. 26-cv-00701, made with no objection by Appellee, is GRANTED. As the earlier filed action, *In*

*re Henderson* shall become the lead case. The Clerk of Court is respectfully directed to consolidate these cases in accordance with this order and close the instant case.

SO ORDERED.

Dated: Brooklyn, New York
September 15, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge